AMERICAN AIR PARCEL FORWARDING COMPANY, LTD., a Hong Kong Corporation; and E.C. McAfee Company, a Michigan Corporation, for the Account of American Air Parcel Forwarding Company, Ltd., Plaintiffs,

v.

UNITED STATES of America; the Secretary of the Treasury; United States Customs Service; the Commissioner of Customs, United States Customs Service; the Assistant Commissioner of Customs (Commercial Operations), United States Customs Service; Director, Office of Regulations and Rulings, United States Customs Service; and District Director of Customs, United States Customs Service, Detroit, Michigan; Jointly and Severally, Defendants.

Court No. 8-2-00165.

United States Court of International Trade.

Jan. 19, 1983.

Richard A. Kulics, Detroit, Mich., for plaintiff E.C. McAfee Company, a Michigan Corp., for the Account of American Air Parcel Forwarding Co., Ltd.

Goodman, Miller & Miller, Southfield, Mich. (Jonathan Miller, Southfield, Mich., of counsel), for plaintiff American Air Parcel Forwarding Co., Ltd., a Hong Kong Corp.

J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch, New York City (Susan L. Handler-Menahem and Madeline Kuflik, New York City, of counsel), for defendants.

LANDIS, Judge:

Once again this action is before the court to determine various measures of relief sought by the parties.

---

**1.** The motions filed are as follows:

a). Defendants' motion to dissolve the preliminary injunction and to dismiss the action for lack of jurisdiction;

b). *Defendants' motion to stay all proceedings* pending determination of defendants' motion to dissolve the preliminary injunction and dismiss the action for lack of jurisdiction;

c). Plaintiff *American Air Parcel's* ex parte motion to hold the District Director of Customs for Detroit, Michigan, Nicholas Devine and Ray Navarra in contempt for failure to honor this court's preliminary injunction dated August 31, 1982;

On August 31, 1982, this court sitting in New York, New York granted plaintiffs' motion for a preliminary injunction. *American Air Parcel Forwarding Company, Ltd., et al. v. The United States, et al.,* 4 Ct. of Int'l. Trade ——, Slip Op. 82-69 (August 31, 1982). Within the next two (2) days, to wit, on September 2, 1982, the Court of Customs and Patent Appeals, (now the United States Court for the Federal Circuit), in Washington, D.C., handed down a decision in *The United States v. Uniroyal, Inc.,* 687 F.2d 467 (1982) reversing the trial court's (this court's) jurisdiction. This decision is discussed hereafter.

Since this court's decision on August 31, 1982, the parties have filed twenty (20) additional documents and numerous correspondences. Additionally, they filed six (6) motions [1] and a hearing was held on certain related motions. With the exception of the motion relating to a three judge panel which, pursuant to Rule 77(d)(2) of this court, was referred to the Chief Judge and, in fact, has been denied by Chief Judge Re, (see 4 Ct. of Int'l Trade ——, Slip Op. 82–84 (October 6, 1982)), all pending motions are consolidated for purposes of disposition in this opinion.

Initially, the court will examine defendants' motion to dissolve the preliminary injunction and to dismiss for lack of jurisdiction as the court cannot grant an injunction when it lacks jurisdiction over the subject matter of the action. *Kean v. Hurley,* 179 F.2d 888 (8th Cir.1950).

Plaintiffs brought this action claiming jurisdiction pursuant to 28 U.S.C. § 1581(i) and 28 U.S.C. § 1581(h).[2] Defendants claim

---

d). Plaintiff *American Air Parcel's* motion to void, *ab initio,* a certain telex issued by Customs known as 73–28;

e). Plaintiff *E.C. McAfee's* motion for a three judge panel;

f). Plaintiff *American Air Parcel's* ex parte motion to shorten time for defendants' response to the motion for a three judge panel.

**2.** These statutes read as follows:

28 U.S.C. § 1581(i)

In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)–(h) of this section and subject to the exception set forth in subsection (j) of this section,

that this court lacks jurisdiction as plaintiffs have not exhausted their administrative remedies provided by statute.

■ Reviewing 28 U.S.C. § 1581(i), frequently referred to as the residual or "catch-all" jurisdiction provision, the court finds no legislative intent to grant a litigant use of this forum where the litigant has failed to exhaust the avenue of protest and denial before the Customs Service and payment of liquidated duties. In the leading case recently issued by the United States Court of Customs and Patent Appeals, (now the United States Court for the Federal Circuit), the court succinctly stated:

> Nevertheless, the legislative history of the Customs Courts Act of 1980 demonstrates that Congress did not intend the Court of International Trade to have jurisdiction over appeals concerning completed transactions when the appellant had failed to utilize an avenue for effective protest before the Customs Service.

*The United States v. Uniroyal, Inc.,* 687 F.2d 467, 471 (Cust. & Pat.App.1982).

■ It is judicially apparent that where a litigant has access to this court under traditional means, such as 28 U.S.C. § 1581(a), it must avail itself of this avenue of approach complying with all the relevant prerequisites thereto. It cannot circumvent the prerequisites of 1581(a) by invoking jurisdiction under 1581(i) as the latter section was not intended to create any new causes of action not founded on other provisions of law.[3]

Defendants next contend that this court lacks jurisdiction under 28 U.S.C. § 1581(h) as the subject merchandise has been imported, liquidated and entered into the stream of commerce. Furthermore, defendants contend that this court's power under section 1581(h) is limited to declaratory relief pursuant to 28 U.S.C. § 2643.

This part of defendants' motion affects the twelve entries listed in the summons. These entries were imported into this country between March 3, 1980 and August 1, 1980. The ruling in issue, C.S.D. 81–72 (TAA # 10), was promulgated on October

---

the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for—

(1) revenue from imports or tonnage;

(2) tariffs, duties, fees or other taxes on the importation of merchandise for reasons other than the raising of revenue;

(3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or

(4) administration and enforcement with respect to the matters referred to in paragraphs (1)–(3) of this subsection and subsections (a)–(h) of this section.

28 U.S.C. § 1581(h)

The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to review, prior to the importation of the goods involved, a ruling issued by the Secretary of the Treasury, or a refusal to issue or change such a ruling, relating to classification, valuation, rate of duty, marking, restricted merchandise, entry requirements, drawbacks, vessel repairs, or similar matters, but only if the party commencing the civil action demonstrates to the court that he would be irreparably harmed unless given an opportunity to obtain judicial review prior to such importation.

**3.** The House of Representatives' report accompanying the Customs Courts Act of 1980 referring to 1581(i) reads in pertinent part:

> Subsection (i) is intended only to confer subject matter jurisdiction upon the court, and not to create any new causes of action not founded on other provisions of law.
>
> *The purpose of this broad jurisdictional grant is to eliminate the confusion which currently exists as to the demarcation between the jurisdiction of the district courts and the Court of International Trade.* This provision makes it clear that all suits of the type specified are properly commenced only in the Court of International Trade. The Committee has included this provision in the legislation to eliminate much of the difficulty experienced by international trade litigants who in the past commenced suits in the district courts only to have those suits dismissed for want of subject matter jurisdiction. The grant of jurisdiction in subsection (i) will ensure that these suits will be heard on their merits.

(Emphasis supplied)

H.R.Rep. No. 96–1235, 96th Cong., 2d Sess. 47 (1980), U.S.Code Cong. & Admin.News 1980, pp. 3729, 3759.

17, 1980. Thus, TAA # 10 was issued *subsequent* to the twelve entries set forth in the summons.

When this court originally issued the injunction on August 31, 1982, it relied upon its general equity powers in conjunction with 28 U.S.C. § 1581(i) for subject matter jurisdiction over the previously imported goods. Although sparse, the case law developed at the time the injunction issued generally indicated that under proper circumstances the court could invoke subject matter jurisdiction in lieu of the usual protest avenue of review.

In *Wear Me Apparel Corporation v. United States,* 1 Ct.Int'l. Trade 60 (1980), the court denied a preliminary injunction brought pursuant to section 1581(i)(3) and (4). However, the court specifically stated:

> *The Court wishes to stress that its ruling herein should not be interpreted to mean that exhaustion of administrative remedies is invariably a condition precedent to granting preliminary injunctive relief.* (Slip Op. 80–13 at 6). (Emphasis in original)

See also, *Wear Me Apparel Corporation v. United States of America, et al.,* 1 Ct.Int'l. Trade 194, 511 F.Supp. 814 (1981).

Defendants final jurisdictional assault relates to the prospective importation of merchandise under section 1581(h). Here, defendants argue that plaintiffs must adhere to the traditional method of judicial review by initially having a protest denied. Specifically, defendants contend that the subject ruling is not a ruling in the meaning of section 1581(h) as it was an internal advice ruling and, additionally, that defendants have not met the stringent standards of proving irreparable harm.

Defendants' irreparable harm argument may be readily disposed of as this court after hearings and perusing numerous documents found that absent the granting of the preliminary injunction plaintiffs would be irreparably harmed. This finding was the major cornerstone in granting plaintiffs

the preliminary injunction on August 31, 1982.

■ Of paramount interest is defendants' argument relating to the type of ruling to which section 1581(h) applies. The ruling in issue, TAA # 10, is an internal advice ruling which is authorized under Customs regulations, 19 C.F.R. § 177.11. Defendants argue that Congress specifically exempts internal advice rulings from being subject to judicial review under section 1581(h). In support of its contention defendants cite directly a portion of the law's legislative history.

> The time-honored rule is that the court does not possess jurisdiction to review a ruling or a refusal to issue or change a ruling by the Secretary of the Treasury unless it relates to a subject matter presently within the jurisdiction of the United States Customs Court, for example, an action brought pursuant to section 515 of the Tariff Act of 1930. The Committee intends a very narrow and limited exception to that rule. The word 'ruling' is defined to apply to a determination by the Secretary of the Treasury as to the manner in which it will treat the contemplated transaction. *In determining the scope of the definition of a 'ruling,' the Committee does not intend to include 'internal advice' or a request for 'further review', both of which relate to completed import transactions.* (Emphasis supplied). H.R.Rep. No. 96–1235, *supra,* 46, U.S.Code Cong. & Admin.News 1980, p. 3758.

The Court believes that the underscored legislative history is convincing.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that defendants' motion to dissolve the preliminary injunction issued August 31, 1982 and to dismiss the action is, in all respects granted; and it is further

ORDERED, ADJUDGED AND DECREED that plaintiff American Air Parcel's motion to hold the District Director of Customs, Detroit, Michigan, Nicholas De-

vine, and Ray Navarra in contempt is denied as moot; and it is further

ORDERED, ADJUDGED AND DECREED that plaintiff American Air Parcel's motion to void *ab initio* telex 73–28 is denied as moot; and it is further

ORDERED, ADJUDGED AND DECREED that defendants' motion to stay all proceedings pending decision on the motions to dissolve the preliminary injunction and to dismiss the action is denied as moot; and it is further

ORDERED, ADJUDGED AND DECREED that this action is hereby dismissed.

Let judgment enter accordingly.