950

Traveler Trading Co., Inc., plaintiff v. United States, defendant

Court No. 85–09–01159

(Decided December 30, 1987)

*Bishop, Liberman, Cook, Purcell & Reynolds (Florence R. Keenan)*; substitution of attorney on April 29, 1987 *Galland, Kharasch, Morse & Garfinkle (Marc Charles Ginsberg)* for plaintiff.

*Richard K. Willard*, Assistant Attorney General, *Joseph I. Liebman*, Attorney in Charge, International Trade Field Office, Department of Justice *(Mark S. Sochaczewsky* and *Susan Handler-Menahem)* for defendant.

## Memorandum Opinion and Order

DiCarlo, *Judge:* Defendant moves to sever and dismiss for lack of jurisdiction 10 of 11 entries included in plaintiff's amended complaint. Plaintiff contends jurisdiction exists over the 10 entries under 28 U.S.C. §§ 1581(a) and (i) (1982), because it filed requests for reliquidation with the United States Customs Service (Customs) pursuant to section 520(c)(1) of the Tariff Act of 1930 (Act), as amended, 19 U.S.C. § 1520(c)(1) (1982). The Court finds it lacks jurisdiction over the 10 entries under both § 1581(a) and § 1581(i). The defendant's motion is granted.

## Background

Plaintiff describes the imported merchandise as "halloween costumes." Customs classified and liquidated the merchandise as "wearing apparel" under various item numbers of the Tariff Schedules of the United States (TSUS). Plaintiff contends the merchandise is properly classifiable under 737.95, TSUS, as other toys not specially provided for elsewhere in the tariff schedules.

The 10 entries were liquidated between December, 1983 and July, 1984. Plaintiff filed protest forms with Customs on October 12 and 18, 1984 stating in each:

> Protest is hereby made for refund of duty on this entry. Clerical error was made in the VISA forms showing incorrect [TSUS] numbers. This fact is determined by recent discovery that U.S. CUSTOMS ALOWS [sic] these COSTUME ITEMS UNDER THE TOY [TSUS] #737.9565 instead of the wearing apparel [TSUS] as dictated by the VISA.

Plaintiff filed a request for an accelerated disposition of protest on February 5, 1985 pursuant to section 515(b) of the Act, as amended, 19 U.S.C. § 1515(b) (1982). Customs treated the protest forms as protests and denied each.

## 28 U.S.C. § 1581(a) Jurisdiction

Section 1581(a) gives this Court "exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930." Section 515 of the

Act, as amended, 19 U.S.C. § 1515(a) (1982), discusses the procedures Customs must follow in handling a protest filed under 19 U.S.C. § 1514 (1982 & Supp. III 1985). A prerequisite to the Court's jurisdiction under 28 U.S.C. § 1581(a) is a denial by Customs of a protest filed pursuant to 19 U.S.C. § 1514.

It is undisputed that plaintiff filed the protest forms concerning the 10 entries more than 90 days after the notice of liquidation. Under 19 U.S.C. § 1514, a plaintiff must file its protest within 90 days of notice of liquidation or the liquidation becomes final and conclusive upon all parties. Where a protest is filed more than 90 days after notice of liquidation, the Court does not have jurisdiction over an action contesting the denial of such protest under 19 U.S.C. § 1581(a). 19 U.S.C. § 1514(c)(2) (1982); *see Computime, Inc.* v. *United States.* 8 CIT 259, 261, 601 F. Supp. 1029, 1030 (1984), *aff'd*, 3 Fed. Cir. (T) 175, 772 F.2d 874 (1985).

Plaintiff contends that the protest forms were intended to be requests for reliquidation under section 1520(c)(1), which provides:

(c) Reliquidation of entry

Notwithstanding a valid protest was not filed, the appropriate customs officer may, in accordance with regulations prescribed by the Secretary, reliquidate an entry to correct—

(1) a clerical error, mistake of fact or other inadvertence not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the appropriate customs officer within one year after the date of liquidation or exaction;

19 U.S.C. § 1520(c)(1); *see also* 19 C.F.R. § 173.4. Plaintiff asserts the Court has jurisdiction under 28 U.S.C. § 1581(a) because the requests were filed within the one year limit of section 1520(c)(1).

As stated earlier, the Court has jurisdiction under 28 U.S.C. § 1581(a) only where Customs has denied a 19 U.S.C. § 1514 protest. Pursuant to 19 U.S.C. § 1514(a)(7) (1982 & Supp. III 1985), a protest may be filed after a refusal to reliquidate an entry under 19 U.S.C. § 1520(c). An action can be brought in this Court under 28 U.S.C. § 1581(a) after such protest is denied by Customs.

Plaintiff argues that it would have been a "futile gesture" to file protests in this case "because Customs treated [plaintiff's] petitions for reliquidation as protests and there is no provision for protesting the denial of a protest." Plaintiff's Response to the Motion to Sever and Dismiss, at 8 n.3. Even assuming there was confusion over the nature of plaintiff's original requests, it was caused by plaintiff. Not only did plaintiff use protest forms to make the alleged 19 U.S.C. § 1520(c)(1) requests for reliquidation, but it also stated on each that

"protest is hereby made." In addition, plaintiff made the request for an accelerated disposition of protests pursuant to 19 U.S.C. § 1515(b). That section states clearly that the accelerated disposition will be of protests "filed in accordance with section 1514." 19 U.S.C. § 1515(b).

If the procedure for creating jurisdiction under 28 U.S.C. § 1581(a) over the alleged 19 U.S.C. § 1520(c)(1) claims could not be followed by plaintiff in this case, it is because plaintiff's actions created confusion as to the type of claims it was asserting. Plaintiff must suffer the consequences of its failure to follow statutory procedures for challenging Customs' decisions. The Court lacks jurisdiction over these 10 entries under 19 U.S.C. § 1581(a) because no timely 19 U.S.C. § 1514 protests regarding these entries were filed by plaintiff and denied by Customs.

## 28 U.S.C. § 1581(i) JURISDICTION

Plaintiff's amended complaint also asserts jurisdiction under section 1581(i). Section 1581(i) is the residual jurisdiction of the Court and may be invoked only when other avenues of jurisdiction are manifestly inadequate or it is necessary to avoid extraordinary and unjustified delays caused by the exhaustion of administrative remedies. *Miller & Co.* v. *United States*, 824 F.2d 961, 963 (Fed. Cir. 1987); *Ferrostaal Metals Corp.* v. *United States*, 11 CIT 470, 664 F. Supp. 535, 537 (1987). In *Star Sales & Distrib. Corp.* v. *United States*, 10 CIT 709, 663 F. Supp. 1127 (1986), the Court held that jurisdiction under section 1581(i) is unavailable to a plaintiff who could have established jurisdiction under 28 U.S.C. § 1581(a), but failed to meet the jurisdictional prerequisites, including time limitations. *See also American Air Parcel Forwarding Co.* v. *United States*, 5 CIT 8, 10, 557 F. Supp. 605, 607, *aff'd*, 2 Fed. Cir. (T) 1, 718 F.2d 1546 (1983). In the present case, section 1581(a) would have served an adequate remedial function had plaintiff properly presented its claims to Customs and timely filed protests under 19 U.S.C. § 1514. Plaintiff cannot invoke the residual jurisdiction of the Court under 28 U.S.C. § 1581(i) when it has failed to properly and timely use the adequate procedure for invoking 28 U.S.C. § 1581(a) jurisdiction.

## CONCLUSION

Having determined that it lacks jurisdiction over the 10 entries, the Court grants defendant's motion. Entry numbers 713798, 713513, 713782, 917880, 906749, 907003, 906998, 906904, 906899 and 906802 are hereby severed from the complaint and dismissed from this action. The defendant is ordered to answer or otherwise respond to the complaint in this action within 20 days from receipt of this order.