**ATMEL CORPORATION, Plaintiff,**

v.

**The UNITED STATES, Defendant**

**and**

**Intel Corporation, Defendant–Intervenor.**

**Court No. 89–08–00464.**

United States Court of International Trade.

Aug. 25, 1989.

Heller, Ehrman, White & McAuliffe, Randall C. Boyce and Karen A. Ammer, Palo Alto, Cal., Atmel Corp., J. Michael Ross, for plaintiff.

Stuart E. Schiffer, Acting Asst. Atty. Gen., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Barbara M. Epstein, Civ. Div., U.S. Dept. of Justice and Evelyn Suarez, U.S. Customs Service, Washington, D.C., for defendant.

Arnold, White & Durkee, Kenneth D. Goodman, Houston, Tex., for defendant-intervenor.

## OPINION

RESTANI, Judge:

On August 7, 1989, Atmel Corporation brought this action challenging Customs Service's exclusion of several shipments of Atmel's EPROMs from entry into the United States.[1] EPROMs are erasable, programmable read only memories. Basically these items contain electronic circuits for use in other devices. Jurisdiction is sought under either 28 U.S.C. § 1581(a) or (i) (1982). Jurisdiction is also alleged under 28 U.S.C. § 1581(h) (1982) with regard to shipments for which entry has not as yet been sought. Atmel moved for a temporary restraining order on the day it brought this action. Its motion was denied on August 8, 1989. It now seeks a preliminary injunction against exclusion of its EPROM shipments.

The United States has moved to dismiss this action for lack of jurisdiction. Intel Corporation has been permitted to intervene as a defendant for purposes of contesting jurisdiction.

The exclusion of plaintiff's merchandise is the result of Customs Service's attempt to comply with an International Trade Commission (ITC) exclusion order.[2] The order resulted from a proceeding under 19 U.S.C. § 1337 (1982) which adjudicated Intel Corporation's claim that Atmel's imported EPROMs of certain densities were infringing various United States patents held by Intel.

---

1. There appear to be four separate entries in San Francisco at issue, 452–0055–022–1, 452–0055–739–0, 452–0055–601–2, 452–0056–561–7. The shipments appear to have arrived in the United States between July 5, 1989 and July 25, 1989 and were excluded on July 14, 20 and 31, 1989.

2. The ITC order of March 16, 1989 prohibits entry into the United States of Amtel's EPROMs of 64, 256, 512 or 1024 kilobits which offend certain patents, with exceptions, such as sales to the United States.

The parties are in agreement that any challenge to ITC's decision is not before this court but that this court may review Customs' enforcement of ITC's decision.[3] The essential disagreement is whether Customs' enforcement action may be reviewed by the court at this time.

*Jurisdiction Under 28 U.S.C. § 1581(a), Protest Denial* [4]

■ In order for jurisdiction to attach under 28 U.S.C. § 1581(a) there need be a written document sent to the District Director of Customs which contains the essential elements of a protest. Of relevance here, the protest must evidence a claim against prior Customs Service action, the reasons for the claim, the entries involved and the importer. The entry dates and importer number are also required. *See* 19 C.F.R. § 174.13 (1988).

■ Apart from the August 11, 1989 formal protest of the entries at issue, the only document in evidence which was sent to the relevant District Director after exclusion of any Atmel entries is a July 28, 1989 letter, which details the reasons for Atmel's complaint. That letter, however, does not reference particular entries, rather, it refers generally to "three shipments." Furthermore, the letter does not identify the importer of record by name or number, as required by Customs' regulation. Assuming that some formalities may be overlooked (although it is difficult, if not impossible, to overlook the absence of identification of specific entries), the letter has other deficiencies. Among other things, the let-

ter does not indicate clearly that it is a protest of an exclusion under 19 C.F.R. § 174.21(b) (1988).[5] Such a facial designation is a prerequisite to the 30 day expedited disposition of a protest of exclusion as provided in the regulation. Ordinarily, without such a clear designation Customs would not be in a position to know that the prosecuting party is going to present its entire case in a very short time period, and that Customs must single out the protest for expedited resolution.

More importantly to the jurisdictional dispute at hand, assuming that the July 28, 1989 letter may be considered a protest under 19 C.F.R. § 177.21(b) because of surrounding circumstances, there has been no written denial of the "protest." An exclusion order dated July 31, 1989 references a shipment which arrived in the United States on July 25, 1989 and not the shipments which were ordered excluded by the July 14 and July 20 letters. The July 31, 1989 letter does not appear to be a response to the July 28, 1989 letter, and it cannot reasonably be interpreted as other than a separate exclusion order.

■ Atmel argues that the requirement of a written denial should be waived because further administrative processing would be futile. Assuming such a waiver would be appropriate, the court is unconvinced of either legal or factual futility. There is no final decision of the Customs Service on the protest, although there are clear indications in the record that the Customs' Laboratory Director came to a fairly

---

**3.** Apparently, Customs must decide which Amtel products match those found by ITC to infringe.

**4.** 28 U.S.C. § 1581(a) provides:
   **Civil actions against the United States and agencies and officers thereof**
   (a) The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930.

**5.** 19 C.F.R. § 174.21(b) provides:
   (b) *Protests relating to exclusion of merchandise.* If the protest relates to an administrative action involving exclusion of merchandise from entry or delivery under any provision of the Customs laws, the district director shall review and act on a protest filed in

accordance with section 514, Tariff Act of 1930, as amended (19 U.S.C. 1514), within 30 days from the date the protest was filed, unless the person filing the protest shall request an additional delay for the purpose of presenting evidence or argument with respect to the matters involved in the protest. In no event shall the district director (or the Commissioner of Customs or his designee if the protest is the subject of further review as provided for in §§ 174.25 and 174.26) delay action on the protest beyond 30 days, or such additional time period as may be agreed to by the person filing the protest. *Any protest filed pursuant to this paragraph shall clearly so state on its face* (emphasis added).

firm conclusion as to the excludability of the merchandise. In addition, counsel has recently obtained a description of the laboratory's reasoning and should be able to explain its position even more clearly to Customs. Thus, the necessity for this action may yet be obviated. If not, mandatory administrative procedures should soon run their course. They have not done so to date, however. Accordingly, the court lacks jurisdiction over this action under 28 U.S.C. § 1581(a).

### Jurisdiction Under 28 U.S.C. § 1581(h),[6] Preimportation Review of Customs Ruling

■ Putting aside numerous problems as to whether the preimportation and irreparable harm requirements of 28 U.S.C. § 1581(h) are met, there is no evidence of a Customs "ruling" within the meaning of § 1581(h).

Atmel cites a July 27, 1987 trade bulletin from the Dallas district director indicating that all Atmel EPROMs of certain densities should be excluded. This directive, however, is not binding on the relevant district director, who is in San Francisco. The only Customs headquarters' directive in evidence, even as later amended, essentially reflects the language of the ITC exclusion order; it leaves to particular districts the task of determining which Atmel imports infringe. No particular circuitry is discussed in that directive.

Accordingly, the court finds no jurisdiction under 28 U.S.C. § 1581(h).

**6.** 28 U.S.C. § 1581(h) provides:
> **(h)** The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to review, prior to the importation of the goods involved, a ruling issued by the Secretary of the Treasury, or a refusal to issue or change such a ruling, relating to classification, valuation, rate of duty, marking, restricted merchandise, entry requirements, drawbacks, vessel repairs, or similar matters, but only if the party commencing the civil action demonstrates to the court that he would be irreparably harmed unless given an opportunity to obtain judicial review prior to such importation.

**7.** If Customs fails to act within 30 days, jurisdiction might not attach under § 1581(a) until 120

### Jurisdiction Under 28 U.S.C. § 1581(i), Residual Jurisdiction

■ Jurisdiction under 28 U.S.C. § 1581(i) may apply if other remedies for review of Customs' administrative determinations are manifestly inadequate. If a party could have utilized 28 U.S.C. § 1581(a) to obtain timely review, 28 U.S.C. § 1581(i) cannot be utilized. *See Omni U.S.A., Inc. v. United States*, 840 F.2d 912, 915 (Fed.Cir.1988).

■ Assuming Atmel had proceeded as expeditiously as possible, jurisdiction could have attached as early as August 15, 1989, and apparently for all products as early as August 20, 1989. The court has heard no evidence that had proceeding progressed at that pace, the remedies would still have been manifestly inadequate.[7]

Because of its confidential nature, the court does not wish to discuss Atmel's proof of injury in this opinion. Suffice it to say that even if all steps had been accomplished as soon as possible Atmel probably would have experienced some business losses. The probability of some business losses is not enough to cause the court to conclude that the 30-day exclusion protest disposition period should not be permitted to run. Proof of serious and irreparable harm in a factual sense can amount in certain cases to a demonstration that the mechanisms of 28 U.S.C. § 1581(a) are manifestly inadequate as a legal matter. The court is unconvinced that in this case there has been such a showing with regard

days have run. *See Cherry Lane Fashion Group, Inc. v. United States*, 13 CIT ——, 712 F.Supp. 190 (1989). Although the court rejected § 1581(i) jurisdiction as well in *Cherry Lane*, the factual pattern differs from the case at hand. In any case, for purposes of the action before the court today the court must assume, until a demonstration to the contrary, that Customs will act expeditiously in accordance with § 174.21(b), that is, within 30 days of an exclusion protest, when proper procedures are employed. Thus, the court does not decide today whether jurisdiction would lie under 28 U.S.C. § 1581(a) or (i) if Customs does not act within a properly invoked 30-day period under 19 C.F.R. § 174.21(b). Any such opinion at this time would be advisory.

to plaintiff's business situation in the context of the remedies that were available.

Defendants have argued that remedies were also available at the ITC. The court is unaware if such remedies were effectively available in terms of timeliness. In any case, 28 U.S.C. § 1581(a) will be available if Atmel's protest is denied in whole or in part.

Accordingly, this action is found to be premature and is dismissed for lack of jurisdiction.