**JOSE G. FLORES, INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 87–02–00231.**

United States Court of
International Trade.

Dec. 29, 1987.

---

**3.** A companion suit, *White Rose Distributing Co., Inc. v. United States*, Court No. 87–02–00268, has been filed in which both parties concur that

jurisdiction exists to challenge the annual warehouse fees under 28 U.S.C. § 1581(a).

Peter S. Herrick, Miami, Fla., for plaintiff.

Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Attorney in Charge, Intern. Trade Field Office, Michael P. Maxwell, New York City, for defendant.

DiCARLO, Judge.

Plaintiff, a customhouse broker, brings this action to recover $7,071.00 paid to the United States Customs Service (Customs) to mitigate a $14,085.00 penalty. Defendant moves to dismiss the action for lack of jurisdiction and for failure to state a claim upon which relief can be granted. The Court finds that it lacks jurisdiction and dismisses the action.

Pursuant to plaintiff's request on behalf of Goya de P.R., Inc. (Goya) for correct classification of peach concentrate, Customs issued a ruling that such merchandise was classifiable under item 152.88, Tariff Schedules of the United States (TSUS), dutiable at 15% *ad valorem*. Notwithstanding this ruling, Goya, under the name Tradewind Food, Inc., later entered peach concentrate valued at $14,085.00 as duty free.

Goya received a pre-penalty notice for fraudulent entry of the peach concentrate as duty free. Subsequently, Customs issued a penalty notice in the amount of $14,085.00. Plaintiff filed a petition to cancel or mitigate the penalty claiming that the failure to enter the merchandise as dutiable was caused by clerical error and not fraud. Customs mitigated the penalty to $7,071.00 on the basis that failure to use the correct classification was due to gross negligence, not fraud.

Pursuant to 19 C.F.R. § 171.33(a) (1985), plaintiff filed a supplemental petition for further mitigation which was denied. After paying the mitigated amount as required by 19 C.F.R. § 171.33(c) (1985), plaintiff filed a second supplemental petition for further mitigation. 19 C.F.R. § 171.33(c) provides that a second supplemental petition "will not be accepted unless accompanied or preceded by full payment of all penalties ... determined to be due in the decision rendered on the first supplemental petition." Customs denied the second supplemental petition, and plaintiff then filed this action.

Plaintiff argues this Court has jurisdiction under 28 U.S.C. § 1581(i)(4) (1982) and 19 U.S.C. § 1592(e) (1982) to hear its challenge seeking return of the mitigated amount paid to Customs. The Court disagrees.

Section 1581(i)(4) provides this Court jurisdiction over the "administration and enforcement with respect to the matters referred to in paragraphs (1)–(3) of [subsection (i) ] and subsections (a)-(h) of [28 U.S.C. § 1581]." The Court finds, however, that an action for return of monies paid as mitigation of a penalty imposed by Customs does not fall within paragraphs (1)–(3) of subsection (i) nor is it part of the administration or enforcement of matters referred to in such paragraphs or in subsections (a)-(h) of 28 U.S.C. § 1581 (1982 & Supp. III 1985). *See ITT Semiconductors v. United States*, 6 CIT 231, 237–38, 576 F.Supp. 641, 646 (1983).

Nor does this Court have jurisdiction under subsection (e) of 19 U.S.C. § 1592. That subsection is not a jurisdictional provision but rather sets out the applicable procedure to be followed in an action the United States commences in this Court pursuant to the jurisdictional provision 28 U.S.C.

§ 1582 (Supp. III 1985) to recover a monetary penalty claimed under 19 U.S.C. § 1592. *See McCarthy v. Heinrich,* 11 CIT —, — – —, 674 F.Supp. 863, 864 (1987). Since the United States has not commenced an action to recover a monetary penalty under 19 U.S.C. § 1592, this Court does not have jurisdiction under 28 U.S.C. § 1582.

The Court dismisses this action for lack of jurisdiction. So ordered.