**DENNISON MANUFACTURING COMPANY, Plaintiff,**

v.

**UNITED STATES, DEPARTMENT OF THE TREASURY, Defendant.**

**Court No. 87–05–00655.**

United States Court of International Trade.

Jan. 8, 1988.

George E. Kersey, Annandale, N.J., for plaintiff.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Div., Dept. of Justice

(J. Kevin Horgan, Washington, D.C., on the brief, and M. Martha Ries, at the argument), for defendant.

DiCARLO, Judge:

The United States, Department of the Treasury (defendant) moves pursuant to Rule 12 of the Rules of this Court to dismiss the complaint of the plaintiff, Dennison Manufacturing Company (Dennison), because the complaint fails to state a claim within this Court's jurisdiction and because Dennison lacks standing to commence this action. The Court finds that it is without jurisdiction and accordingly grants the motion to dismiss.

### FACTS

According to the complaint, Dennison requested a Customs ruling as to the appropriate tariff classification and rate of duty for 55 GSM Hi Fi Thermo Base paper that Dennison sought to import from Switzerland. In a letter dated August 29, 1985, Customs stated that the thermiage process Dennison used was a decalcomania process, and that the thermo base paper appeared to be in condition, without further processing, to receive decalcomanias. The paper would thus be classifiable as "[d]ecalcomania paper, not printed: [s]implex" under item 254.30 of the Tariff Schedules of the United States (TSUS), at the then existing duty rate of 2.9% ad valorem.

Dennison claims that its purchasing manager attempted in writing and by phone "to obtain clarification of the Customs position." Complaint at 4. In a letter dated January 13, 1986, Customs withdrew its earlier conclusion that the thermo base paper could receive decalcomanias without further processing, but affirmed that the paper would still be classifiable under item 254.30, TSUS, because (a) the thermiage heat transfer process is a decalcomania process, and (b) the imported paper is by design and function exclusively used as a carrier for decalcomanias.

An examination of the entry papers reveals that in 1985 and 1986 Dennison imported 21 shipments of thermo base paper under item 254.80, TSUS, at the duty rate of 0.8% ad valorem on entries made during 1985, and 0.4% on entries made during 1986. One other shipment, entry number 86–412369–9, was entered under item 254.-85, TSUS, at 2.3% ad valorem. Exhibit A filed at the hearing on the motion to dismiss indicates that some of the entries have not yet been liquidated.

On September 5, 1986, Customs issued a pre-penalty notice under 19 C.F.R. § 162.77 for alleged violations of 19 U.S.C. § 1592 committed in importing the thermo base paper. Customs held a hearing and on December 19, 1986 issued a notice of penalty in the amount of $57,352.80. Dennison then petitioned Customs under 19 C.F.R. § 171.12 for mitigation of the penalty. Before Customs ruled on Dennison's petition, Dennison filed a complaint in this Court.

### DISCUSSION

■ The United States Court of International Trade, like all federal courts established under Article III of the Constitution, is a court of limited jurisdiction. *United States v. Gold Mountain Coffee, Ltd.*, 8 CIT 247, 248, 597 F.Supp. 510, 513 (1984). Once jurisdiction is challenged, the plaintiff must prove that jurisdiction in this Court is proper. *Id.* at 248–49, 597 F.Supp. at 513; *United States v. Biehl & Co.*, 3 CIT 158, 160, 539 F.Supp. 1218, 1220 (1982). Dennison asserts that the Court has jurisdiction under 28 U.S.C. § 1581(i) (1982) and 28 U.S.C. § 1581(h) (1982).

#### 28 U.S.C. § 1581(i) Jurisdiction

■ Dennison's complaint asserts jurisdiction under 28 U.S.C. § 1581(i), "since this action arises out of 19 U.S.C. § 1592, providing for duties on imported merchandise, and the administration, enforcement and payment of such duties." Contrary to Dennison's characterization of section 592 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1592 (1982), that statute provides for civil penalties for fraud, negligence, and gross negligence in importing merchandise. Actions to collect penalties assessed under 19 U.S.C. § 1592 may only be instituted in this Court by the United States. 28 U.S.C. § 1582(1) (Supp. III

1985). This Court lacks jurisdiction to the extent that the government has not moved to collect any penalty assessed. *See Jose G. Flores, Inc. v. United States,* 11 CIT —, 676 F.Supp. 1232 (1987).

Dennison seeks to invoke this Court's jurisdiction under 28 U.S.C. § 1581(i) because it has been presented with a notice of penalty. Dennison has not yet suffered any injury because the United States has not moved to collect any penalty assessed. Dennison may not suffer any future injury if Customs rules in Dennison's favor on its pending petition for mitigation of the penalty. Section 1581(i) is the residual jurisdiction of the Court and may only be invoked when other available avenues of jurisdiction are manifestly inadequate or it is necessary to avoid extraordinary and unjustified delays caused by the exhaustion of administrative remedies. *Miller & Co. v. United States,* 824 F.2d 961, 963 (Fed.Cir. 1987); *Traveler Trading Co. v. United States,* 11 CIT —, Slip Op. 87–143, at 6 (Dec. 30, 1987) [Available on WESTLAW, 1987 WL 31146]; *Ferrostaal Metals Corp. v. United States,* 11 CIT —, —, 664 F.Supp. 535, 537 (1987). The Court finds that Dennison, having been served with only a notice of penalty which the United States may decide not to move to collect, and having further a pending petition to mitigate the penalty, has not invoked the residual jurisdiction of this Court.

### 28 U.S.C. § 1581(h) Jurisdiction

■ At the hearing on the motion to dismiss, Dennison was granted leave to amend its complaint to allege an alternative basis for jurisdiction under 28 U.S.C. § 1581(h) (1982). That section bestows upon this Court

> exclusive jurisdiction of any civil action commenced to review, *prior to the importation of the goods involved,* a ruling issued by the Secretary of the Treasury, or a refusal to issue or change such a ruling, relating to classification, valuation, rate of duty, marking, restricted merchandise, entry requirements, drawbacks, vessel repairs, or similar matters, but only if the party commencing the

civil action demonstrates to the court that he would be *irreparably harmed* unless given an opportunity to obtain judicial review prior to such importation.

28 U.S.C. § 1581(h) (1982) (emphasis added).

The plain language of section 1581(h) limits the scope of its application to prospective importations. That section thus confers no jurisdiction over the 22 entries that are the subject of Dennison's complaint, because that merchandise has already been imported. *See United States v. Uniroyal, Inc.,* 69 CCPA 179, 183, 687 F.2d 467, 471–72 (1982).

■ Additionally, to the extent that Dennison's prayer for relief is directed to future importations, Dennison has not demonstrated the "irreparable harm" Congress has required before this Court may exercise jurisdiction over an appeal of a ruling prior to the importation of goods and the filing and denial of a protest. The essence of "irreparable harm" is that the injury cannot receive reasonable redress. *See National Juice Products Ass'n v. United States,* 10 CIT —, —, 628 F.Supp. 978, 984 (1986). The possibility that adequate compensatory or other corrective relief will be available at a later date weighs heavily against a claim of irreparable harm. *National Corn Growers Ass'n v. Baker,* 9 CIT 571, 585–86, 623 F.Supp. 1262, 1275 (1985).

In this case Dennison has entered merchandise which has not yet been liquidated. If Customs liquidates that merchandise or reliquidates the already liquidated merchandise under item 254.30, TSUS, then Dennison will have 90 days in which to file a protest. *See* 19 U.S.C. § 1514(c)(2) (1982); 19 C.F.R. § 174.12(e) (1987). If Customs denies that protest, Dennison may then file an action in this Court within 180 days. *See* 28 U.S.C. § 2636(a) (1982).

Dennison has not shown any special circumstances which would enable it to avoid the traditional methods of obtaining judicial review of a disputed Customs classification. Absent a showing of exceptional circumstances, the traditional methods of obtaining judicial review must be employed.

*Manufacture de Machines du Haut–Rhin v. Von Raab*, 6 CIT 60, 64, 569 F.Supp. 877, 882 (1983), *appeal dismissed*, No. 83–1341 (Fed.Cir. Dec. 29, 1983).

## CONCLUSION

This Court lacks jurisdiction over this action. The motion to dismiss the complaint is granted.