**MITEL, INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 89–11–00602.**

United States Court of International Trade.

Jan. 9, 1992.

Peter S. Herrick, Miami, Fla., for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., Joseph I. Liebman, Attorney-in-Charge, In-

tern. Trade Field Office, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Carla Garcia–Benitez, Karen P. Binder, U.S. Customs Service, Washington, D.C., of counsel, for defendant.

## MEMORANDUM OPINION AND ORDER

CARMAN, Judge.

Plaintiff, Mitel, Inc., moves for leave to amend and supplement its Complaint pursuant to Rule 15 of the Rules of this Court. The Defendant United States moves this Court for summary judgment pursuant to Rule 56 of the Rules of this Court and dismissal of this action as it pertains to the denial of the Second Protest on the grounds that 19 U.S.C. § 1514(c) (1988) allows only one protest be made for each entry of merchandise and the filing of the Second Protest is time-barred according to the statute and Customs Regulations.

This Court denies Plaintiff's motion for leave to amend and supplement its Complaint and grants Defendant's motion for summary judgment, dismissing this action for lack of jurisdiction.

## BACKGROUND

The relevant facts in this case are as follows. On October 4, 1984, Mitel filed drawback entry number 85–104651–4 ("First Drawback Entry"), requesting drawback under section 313(a) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1313(a) ("1313(a)"). This First Drawback Entry was liquidated without the benefit of drawback on March 20, 1987.

On February 19, 1987, Customs sent a letter, pursuant to a telephone conversation between Plaintiff and Customs, addressed to Mr. Paul Anderson of Mitel, informing Plaintiff that the Customs regulatory audit disclosed that Mitel would not be able to support a drawback claim under 19 U.S.C. § 1313(a) because it failed to maintain adequate records. The letter, however, informed Mitel that it could support a claim under 19 U.S.C. § 1313(b) if it received the appropriate approval. Plaintiff's Exhibit B at 2 ("Pl. Exh."). On May 5, 1987, counsel

for Plaintiff, Peter S. Herrick, sent a letter to George Heavey, Regional Commissioner of Customs, requesting that the drawback claim be reviewed under 19 U.S.C. § 1313(b) instead of § 1313(a). *Id.* at 1. On May 20, 1987, Customs again notified Plaintiff's counsel that a substitution drawback claim could not be supported "until Mitel obtains authorization to file substitution drawback under 19 U.S.C. § 1313(b) from Customs Headquarters." *Id.* at 6.

On June 4, 1987, Mitel filed protest number 5201–7–000226 ("First Protest"), claiming that Mitel was "entitled to a drawback of duties ... under either 19 U.S.C. § 1313(a) or (b)." Defendant's Exhibit B ("Def. Exh."). Between June 4, 1987, and September 18, 1987, Mitel neither requested nor obtained approval for its drawback contract by the Customs Headquarters to support its claim under 19 U.S.C. § 1313(b). *See* 19 C.F.R. § 191.23(a) (1989). Subsequently, the First Protest was denied on September 18, 1987. Def. Exh. B.

To seek judicial review of the First Protest, 28 U.S.C. § 2636(a)(1)–(2) (1988) requires Mitel to commence a civil action within one hundred and eighty (180) days after the date of mailing of the notice of denial. Mitel, however, never filed a civil action to contest the denial of the First Protest.

On October 20, 1988, Mitel's attorney-in-fact, Vimar Transportation Consultants, Inc. ("Vimar"), submitted a drawback proposal under § 1313(b) to Customs Headquarters. Def. Exh. C. On November 10, 1988, Customs Headquarters responded to Vimar, suggesting that the proposed drawback claim be submitted under the general drawback contract approved in T.D. 81–300. Def. Exh. D. On November 25, 1988, Mitel, through Vimar, executed a contract designated "General Contract for Component Parts, T.D. 81–300," which Vimar submitted to the Regional Commissioner of Customs with a letter dated November 22, 1988. Def. Exhs. E & F. With this letter, Vimar also submitted a purported drawback entry ("Second Drawback Entry"). Def. Exh. G. The Second Drawback Entry included the same entry number as the

First Drawback Entry. *Compare* Def. Exh. B with Def. Exh. G. The Second Drawback Entry was never filed with any Customs Service District Director or with any customs officer to which the authority to receive such entries had been validly delegated. *See* Def. Exhs. L & M.

Thereafter, on November 30, 1988, December 28, 1988, and February 8, 1989, Mitel's legal counsel wrote to various Customs officials seeking assistance and/or information with regard to the drawback contract submitted by Vimar. On February 24, 1989, Customs confirmed in writing several telephone conversations with Vimar, in which Vimar had been informed that the proposed drawback contract was deficient and had to be corrected and resubmitted. On February 28, 1989, Customs Regional Commissioner again advised Mitel, through its legal counsel, that the proposed drawback contract was deficient, that Vimar had been so advised, and that the only drawback claim on file for Mitel, the First Drawback Entry, had already become final. Def. Exh. L.

On March 27, 1989, Customs Headquarters issued an information letter pursuant to 19 C.F.R. § 177.1(d)(2), addressed to Mitel's legal counsel. Def. Exh. M. In this information letter, Customs advised counsel, *inter alia*, "that [Mitel's] drawback entry ... was denied in February (sic) 1987, a protest of the denial was denied on September 18, 1987, and the most recent drawback contract (subscribed to on November 25, 1988) filed under TD 81–300 was rejected due to major deficiencies." Def. Exh. M at 3.

On June 21, 1989, Mitel filed protest number 5201–9–520081 ("Second Protest") requesting the review of Customs' position with regard to Mr. Herrick's participation in the transaction of Customs' business without a customs brokers license. Def. Exh. N. The Second Protest also requested the review of Customs' denial of the First Drawback Entry. The Second Protest identified the information letter of March 27, 1989, as the date of denial of the First Drawback Entry.

The Plaintiff, Mitel, instituted this action to challenge the purported denial of Mitel's Second Protest (5201–9–520081). Mitel requested accelerated disposition of this protest in the protest itself, notwithstanding that 19 U.S.C. § 1515(b) and 19 C.F.R. § 174.22(a) (1989) state that accelerated disposition may only be obtained after ninety (90) days from the filing of the protest. Therefore, at the time the summons was filed in this action, protest number 5201–9–520081 had not been denied, and the Court clearly lacked jurisdiction over Mitel's claims.

In an attempt to cure this jurisdictional defect, Mitel made a second request for the accelerated disposition of the Second Protest (5201–9–520081) on December 17, 1990, and subsequently filed a motion to amend its Complaint. In its motion, Mitel requests that this Court allow an amendment to the summons and complaint indicating the alleged correct date in which protest number 5201–9–520081 was deemed denied.

Defendant contends that Mitel's motion does not cure the jurisdictional defects that impede this action and that the premature request for accelerated disposition of the protest is but one of the many instances in which Mitel has failed to comply with the administrative procedures that must be followed before judicial intervention will be allowed. Defendant claims that because Mitel failed to follow these procedures, this Court lacks jurisdiction over this action, and Mitel's claims should be dismissed.

## DISCUSSION

The issue now before this Court is whether this Court has jurisdiction based on denial of a protest under 19 U.S.C. § 1514(a) (1988). To prevent the dismissal of this action, Mitel has the burden of showing that jurisdiction is present, or alternatively, that a genuine issue of fact exists with regard to this Court's jurisdiction.

■ When jurisdiction has been challenged, plaintiff has the burden of establishing it. *Hambro Automotive Corp. v. United States*, 66 CCPA 113, 117, C.A.D. 1231, 603 F.2d 850, 853 (1979) (citations

omitted). "Where this burden has not been met, dismissal is appropriate." *Old Republic Ins. Co. v. United States*, 14 CIT ——, ——, 741 F.Supp. 1570, 1573 (1990). Defendant maintains that Plaintiff Mitel fails to address the jurisdictional defects raised in the Government's motion, and thus, its attempts must fail.

## First Protest

■ 28 U.S.C. § 1581(a) (1988) grants the Court of International Trade exclusive jurisdiction over any civil action contesting the denial of a protest under 19 U.S.C. § 1515 (1988). In turn, § 1515 provides for the allowance or denial of a protest filed pursuant to § 1514. This statutory scheme indicates that this Court only has jurisdiction under § 1581(a) if the action involves a protestable decision under § 1514. *Traveler Trading Co. v. United States*, 11 CIT 950, 951, 1987 WL 31146 (1987).

■ 19 U.S.C. § 1514(a)(6) provides that the Customs Service decision to deny a claim for drawback is a protestable decision. Therefore, in order to obtain judicial review of the denial of its First Drawback Entry, Mitel had to file a protest within ninety (90) days from the denial of this entry pursuant to 19 C.F.R. § 174.12(e) (1989) and to commence a civil action within a hundred and eighty (180) days from the denial of that protest pursuant to 28 U.S.C. § 2636(a)(2) (1988).

Mitel's First Drawback Entry was liquidated without the benefit of drawback on March 20, 1987. Mitel filed the First Protest challenging this decision on June 3, 1987, within the statutory period of ninety (90) days. 19 U.S.C. § 1514(c)(2) (1988). This timely protest was denied on September 18, 1987.

"[T]he refusal to pay a claim for drawback ... shall be final and conclusive ... unless a protest is filed in accordance with this section [1514(a)], or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade in accordance with chapter 169 of title 28 within the time prescribed by section 2636 of that title." 19 U.S.C. § 1514(a). This

action was commenced on November 6, 1989, more than two years from the denial of the First Protest, and clearly beyond the one hundred and eighty (180) days statutory period. 28 U.S.C. § 2636(a)(2). Therefore, this Court lacks jurisdiction to review Customs' refusal to pay the First Drawback Entry.

The Court notes that prior to the denial of the First Protest, Mitel had been informed that in order to claim substitution drawback under § 1313(b), Mitel had to obtain authorization from Customs Headquarters. *See* Pl. Exh. B at 2, 6. Because Mitel failed to follow the procedure mandated by the statute and Customs regulations, Mitel knew or should have known that any claims under § 1313(b) with regard to the First Drawback Entry would be denied.

Nevertheless, Mitel alleges that the denial of the First Protest did not foreclose Mitel's claim for drawback of duties under 19 U.S.C. § 1313(b). Plaintiff's Opposition to Defendant's Motion for Summary Judgment at 1. Although not clear from Plaintiff's Opposition, Mitel is apparently attempting to show that the first denial of the protest was only partial, and that on a later, unspecified date, Customs issued a second denial with regard to Mitel's § 1313(b) claim. Plaintiff would like this Court to grant jurisdiction based upon a two-part denial of the First Entry.

Plaintiff supports this theory based on the language set forth in Section V of Customs Form 19 that contains Customs Decision with regard to the First Protest, which states that the protest has been denied because the "claim [was] not supported as required under 19 U.S.C. § 1313(a)." Def. Exh. B. This Court finds, although only providing partial explanation of the denial, that this language does not necessarily imply that the totality of Mitel's claims were not addressed upon the denial of the protest.

■ When the basis of the denial of a protest is improper, the notice of denial will be effective if it correctly enumerates the entry number, date of liquidation, et cetera.

*F.W. Myers & Co. v. United States*, 6 CIT 299, 301, 1983 WL 2221 (1983). In this instance, the notice may have only partially stated the basis for the denial of Mitel's First Protest, but it accurately identified the entry number, the liquidation date, and the protest at issue.

The Customs Regulations do not permit customs officials to partially resolve the protest and to defer the resolution of other issues raised therein for later consideration. 19 C.F.R. § 174.29 (1989). In addition, the Customs Regulations provide that a protest may be denied or allowed in whole or in part; and that if the protest is allowed in whole or in part, the district director shall, *inter alia*, pay any drawback refund found due. *Id.*

It reasons, therefore, that if Customs had only partially denied the protest, the Regulations mandate that Customs "pay any drawback found due." 19 C.F.R. § 174.29. Plaintiff never received any payment on its drawback claim as pertains to the First Entry. Clearly, if Plaintiff believed that Customs only partially denied the protest, then Plaintiff could have commenced an action in this Court on a timely basis pursuant to 28 U.S.C. § 2636 seeking its drawback refund on the entry at issue. For reasons untold to this Court, Plaintiff chose not to. Therefore, this Court holds that jurisdiction does not exist for any claims arising from the denial of Mitel's First Protest.

### Second Protest

■ Notwithstanding its failure to pursue a timely judicial intervention, Mitel continued communicating with Customs with regard to the First Drawback Entry at issue in this case. On June 22, 1989, Mitel filed its Second Protest protesting the Customs decision not to pay a claim for drawback to Mitel. The drawback entry at issue in Plaintiff's Second Protest was the same as the drawback entry in the First Protest.

Because the First Drawback Entry claim was denied on September 18, 1987, more than two years from the date in which Second Protest was filed and the Second Protest was based on the First Drawback

Entry, which was liquidated on March 20, 1987, Plaintiff has not met the statutory requirement of filing a protest within 90 days after liquidation. 19 U.S.C. § 1514(c)(2). Thus, the Second Protest was untimely, and this Court lacks jurisdiction under 28 U.S.C. § 1581(a). *See Traveler Trading*, 11 CIT at 951.

■ In addition, 19 U.S.C. § 1514(c)(1) allows only one protest to be made for each entry. *See Rousell Corp. v. United States*, 81 Cust.Ct. 115, 116, C.D. 4776 (1978); *Webcor Electronics v. United States*, 79 Cust.Ct. 137, 139–41, C.D. 4725 (1977) (discussing legislative intent of the prohibition against more than one protest). Where a plaintiff has invalidly filed a second protest, the court lacks jurisdiction to entertain plaintiff's claims. *Computime, Inc. v. United States*, 8 CIT 259, 261–62, 601 F.Supp. 1029, 1030–31 (1984).

■ The Court notes that in the Customs letter dated February 19, 1987, Customs notified Plaintiff's counsel that a drawback entry may be amended and that Plaintiff may be able to pursue a drawback refund under 19 U.S.C. § 1313(b) by filing the requisite papers with Customs Headquarters. Pl. Exh. B at 2, 6.

19 C.F.R. § 191.64 establishes that a drawback entry may be amended, corrected or supplemented "[w]ith the permission of the [Customs Service] regional commissioner." Plaintiff, however, failed to conform with the statute by filing the required papers in their proper form. On November 22, 1988, more than 14 months after Customs denial of the First Protest, Mitel attempted to file a "new" entry, without obtaining the necessary permission, and asserting the same grounds that were claimed in the First Protest, that is, the right to obtain drawback under § 1313(b). This "new" Second Entry, then, was essentially an attempt to resurrect the First Drawback Entry, notwithstanding the fact that the decision had become "final and conclusive upon all persons." 19 U.S.C. § 1514(a); *see* Def. Exhs. L & M. Plaintiff once again unsuccessfully seeks this

Court's intervention over a claim which is not within the Court's jurisdiction.

### Jurisdiction Under § 1581(i)

■ Finally, in Count II of its Complaint, Plaintiff seeks to amend its Complaint by requesting that this Court grant jurisdiction under 28 U.S.C. § 1581(i). It is well established that "[i]f protest denial jurisdiction [§ 1581(a)] is available to the [claimant], such jurisdiction is exclusive." *Pope Prods. Div. of Purex v. United States*, 15 CIT ——, Slip Op. 91-50 at 6, 1991 WL 117814 (June 18, 1991). A claimant "cannot invoke the residual jurisdiction of the Court under 28 U.S.C. § 1581(i) when it has failed to properly and timely use the adequate procedure for invoking 28 U.S.C. § 1581(a) jurisdiction." *Traveler Trading*, 11 CIT at 952; *see Star Sales & Distrib. Corp. v. United States*, 10 CIT 709, 712, 663 F.Supp. 1127, 1130 (1986) (§ 1581(i) is inapplicable where § 1581(a) would have served a remedial function if the procedure had been timely used).

With respect to the First Drawback Entry, and the issues raised therein, Mitel did not seek any remedies from this Court under the guise of § 1581(i) jurisdiction. Even if Plaintiff however had sought jurisdiction under 1581(i), this Court will not grant such relief because Plaintiff failed to file an action in a timely fashion pursuant to 28 U.S.C. § 2636(a)(2). Because jurisdiction is absent under either § 1581(a) or § 1581(i), Mitel's drawback refund claim is dismissed.

### CONCLUSION

In sum, this Court finds that Mitel has consistently failed to pursue the administrative remedies provided for by statute and by the applicable Customs Regulations. It appears that Plaintiff, in one instance after the other, has devised an *ad hoc* procedure through which it attempted to obtain its claimed drawback refund.

If Mitel's claims have been "thwarted," as it alleges, only Mitel is to blame. Instead of timely requesting permission to amend its First Drawback Entry to establish its § 1313(b) drawback claim, or alternatively, timely seeking judicial review of Customs' decisions, Mitel chose to create an *ad hoc* administrative procedure to challenge Customs' refusal of its drawback claim. Not having filed timely challenges to the Customs Service's decisions, Mitel relinquished its access to this Court.

For all the reasons discussed herein, this Court finds that there is no jurisdiction. Plaintiff's motion to amend its Complaint is denied. Defendant's motion to dismiss this action as it relates to the denial of protest numbers 5201-7-000226 (June 4, 1987) and 5201-9-520081 (June 24, 1989) on drawback entry number 85-104651-4 of October 4, 1984 is granted. This action is dismissed.