**PLAYHOUSE IMPORT & EXPORT, INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

Court No. 92–08–00587.
Slip Op. 94–14.

United States Court of International Trade.

Jan. 28, 1994.

Law Offices of George R. Tuttle, P.C., Carl D. Cammarata, San Francisco, CA, for plaintiff.

Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Marc E. Montalbine, U.S. Customs Service, Mark G. Nackman, Washington, DC, of counsel, for defendant.

## MEMORANDUM OPINION

GOLDBERG, Judge:

This matter comes before the court on defendant's motion to dismiss, pursuant to USCIT R. 12(b). The government challenges the court's subject matter jurisdiction. The court finds that it does not have jurisdiction to hear this action, and therefore grants the government's motion dismissing this case.

## BACKGROUND

Plaintiff, Playhouse Import & Export, Inc. ("Playhouse"), is an importer of doll parts and accessories. On November 5, 1991, Playhouse mailed an alleged Prior Disclosure to the District Director of Customs in San Francisco, pursuant to 19 U.S.C. § 1592(c)(4) (1988), by which importers may voluntarily disclose import violations in order to limit the amount of any penalty that might be assessed. On the same day, the United States Customs Service ("Customs") notified Playhouse via letter that Customs had commenced a formal investigation to determine whether Playhouse had submitted accurate invoices and declarations regarding each import transaction entered during the period under investigation (*i.e.* whether Playhouse had committed any import violations).[1] On November 8, 1991, Playhouse supplemented the information contained in its November 5, 1991 disclosure letter to Customs. On No-

vember 18, 1991, the District Director of Customs in San Francisco notified Playhouse of his determination that Playhouse's November 5, 1991 letter was not acceptable as a Prior Disclosure. The District Director stated that because Customs' November 5, 1991 letter put Playhouse on notice of a formal investigation of alleged customs violations, Playhouse's November 5, 1991 letter was not a Prior Disclosure pursuant to 19 U.S.C. § 1592(c)(4). The District Director reasoned that Playhouse's disclosure letter was not made before, or without knowledge of, the commencement of a formal investigation by Customs.[2]

On February 13, 1992, Playhouse filed a protest against the November 18, 1991 determination, which was subsequently denied by the District Director on February 27, 1992. On March 9, 1992, Playhouse made a written Request For Reconsideration of the Protest, to which Customs has not yet responded. On August 24, 1992, Playhouse filed a summons contesting Customs' February 27, 1992 denial of its protest.

On October 15, 1992, Playhouse disclosed to the District Director of Customs in Anchorage, Alaska, previously omitted information regarding five entries of merchandise. Playhouse sent a copy of this notice to the District Director in San Francisco because both ports were involved with these entries. These entries, however, were not included in the subject matter of Playhouse's disclosure letter dated November 5, 1991. Playhouse claims that because these five entries were made after Customs' November 5, 1991 notification letter, the October 15, 1992 disclosure letter should be treated as a separate, valid, Prior Disclosure. Playhouse thus seeks to limit the preclusive effect of Customs' notice of investigation solely to entries made prior to the date that such notice was

---

**1.** A dispute exists between the parties as to whether Playhouse mailed its alleged Prior Disclosure before being notified by Customs that an investigation had been commenced. This issue is not relevant to the court's present jurisdictional inquiry.

**2.** 19 U.S.C. § 1592(c)(4) (1988) provides in pertinent part:

If the person concerned discloses the circumstances of a violation of subsection (a) of this section *before, or without knowledge of,* the commencement of a formal investigation of such violation, with respect to such violation, merchandise shall not be seized and any monetary penalty to be assessed under subsection (c) of this section shall not exceed ... (emphasis added).

received. *See* Complaint at 11, ¶4. The District Director of San Francisco denied this alleged Prior Disclosure on October 22, 1992, relying on the same reasoning that supported the previous denial. Playhouse does not appear to have filed a formal protest against this decision.

Playhouse contests the District Director's decision to deny its February 27, 1992 protest. Playhouse also seeks relief from Customs' decision not to accept the October 15, 1992 disclosure letter as a valid Prior Disclosure. The government moves to dismiss this action for lack of jurisdiction.

## DISCUSSION

The court will first examine whether it can exercise jurisdiction over Playhouse's appeal of Customs' decision to deny Prior Disclosure status to the October 15, 1992 letter. The court will then examine the various jurisdictional bases asserted by Playhouse to support a review of Customs' February 27, 1992 protest denial.

### I. *Playhouse's October 15, 1992 disclosure.*

■ The government argues that the court lacks jurisdiction over Customs' October 22, 1992 decision to deny Prior Disclosure treatment to Playhouse's October 15, 1992 letter. The government's objections are valid. The court first notes that it cannot

exercise jurisdiction over this decision via 28 U.S.C. § 1581(a).[3] A plaintiff must contest a protest that was denied in whole or in part before the court can exercise jurisdiction under this subsection. Because Playhouse never filed a protest against Customs' October 22nd decision, § 1581(a) is inapplicable.[4]

In addition, the court notes that it cannot exercise jurisdiction over the October 22nd decision under any other statutory basis, for, as the government notes, Playhouse failed to include the October 22, 1992 decision in its summons. Playhouse commenced this action by filing a summons under 28 U.S.C. § 1581(a). Such a summons must specifically state the administrative decision(s), as described in 19 U.S.C. § 1514(a), and the protest denial(s), being contested.[5] Because Playhouse failed to include Customs' October 22, 1992 decision in its summons, the court cannot exercise jurisdiction over an appeal of that decision.[6]

### II. *Customs' Protest Denial.*

■ The United States Court of International Trade is a court of limited jurisdiction. *Dennison Mfg. Co. v. United States Dept. of the Treasury,* 12 CIT 1, 2, 678 F.Supp. 894, 896 (1988). Once the court's jurisdiction is challenged, plaintiff bears the burden of proving that the court's exercise of jurisdiction is proper. *Id.* at 2, 678 F.Supp. at 896.

3. 28 U.S.C. § 1581(a) (1988) reads: "The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930."

4. The court notes that had Customs denied a protest filed against its October 22nd decision, the court would still lack jurisdiction to hear an appeal of that protest denial; as the court explains in detail below, Customs' decisions not to recognize Playhouse's submissions as Prior Disclosures are not protestable events pursuant to 19 U.S.C. § 1514(a), such that the court can exercise jurisdiction under 28 U.S.C. § 1581(a).

Furthermore, Customs' November 5, 1991 notification stated that the scope of its investigation extend to "each import transaction." Complaint Exhibit 3. There is simply no indication that Customs intended to temporally limit the scope of its investigation to entries made prior to the notice. The fact that Playhouse submitted its second purported disclosure almost one year after it received notice of Customs' investigation is

thus immaterial. Once Playhouse received notice of an ongoing investigation, any subsequent attempt at Prior Disclosure would be invalid.

5. 28 U.S.C. § 2632(a) (1988) states: "[A] civil action in the Court of International Trade shall be commenced by filing concurrently with the clerk of the court a summons and complaint, with the content and in the form, manner, and style prescribed by the rules of the court."

USCIT Rules, Appendix of Forms, Form 1, gives the proper form of a summons that is intended to initiate an action under 28 U.S.C. § 1581(a).

6. The court notes that Playhouse's tenuous "preclusion" argument is further undermined by the record. Of the five entries included in Playhouse's second attempt at Prior Disclosure, two were entered *before* Customs' November 5, 1991 notification. *See* Complaint Exhibit 5 (entry number 110–4122988–8 was entered on April 27, 1991; entry number 110–9247884–9 was entered on October 5, 1991).

In the present case, Playhouse alleges four bases for the court's jurisdiction. Each of these will be considered in turn.

### A.  Jurisdiction Under 28 U.S.C. § 1581(a).

Playhouse first attempts to establish jurisdiction via 28 U.S.C. § 1581(a).  A prerequisite to the court's jurisdiction under 28 U.S.C. § 1581(a) is a denial by the appropriate Customs officer of a protest filed pursuant to 19 U.S.C. § 1514.[7]  *See, e.g., Mitel, Inc. v. United States,* 16 CIT ——, ——, 782 F.Supp. 1567, 1569 (1992).  The issue to be decided is whether the subject matter of the protest, which was denied by the District Director on February 27, 1992, may be contested in this court pursuant to 19 U.S.C. § 1514.  The government argues that this determination is not currently subject to judicial review, and the court agrees.

Section 1514(a) delineates seven categories of protests that, when denied in whole or in part, provide the court with jurisdiction over civil actions contesting such denials.[8]  Playhouse first asserts that these seven categories are not exclusive, but are merely examples of issues that are protestable.  Playhouse refers to the clause in § 1514(a) which begins: "decisions of the appropriate customs officer, including the legality of all orders and findings entering into the same, ...," arguing that the word "including" is a word of illustration rather than a word of limitation.  Playhouse thus asserts that Customs' decision not to recognize its submission as a "Prior Disclosure" within the meaning of

19 U.S.C. § 1592(c)(4) is also a protestable event within the scope of § 1514(a).

Playhouse's argument is untenable.  The cited clause is directly followed by the seven delineated categories of § 1514(a).  A plain reading of the statute clearly indicates that the seven listed categories are exclusive.  If Customs' underlying decision does not relate to any of these seven categories, the court may not exercise § 1581(a) jurisdiction over an action contesting Customs' denial of a protest filed against that decision.  Court precedent supports this conclusion.  "Only if one of these seven events is present can parties invoke jurisdiction under § 1581(a)."  *Norcal/Crosetti Foods, Inc. v. United States Customs Service,* 14 CIT 69, 72, 731 F.Supp. 510, 514 (1990); *see also Nichimen America, Inc. v. United States,* 9 Fed.Cir. (T) 103, 938 F.2d 1286 (1991); *ITT Semiconductors v. United States,* 6 CIT 231, 576 F.Supp. 641 (1983).

Alternatively, Playhouse argues that its protest is actually included within the seven categories.  Specifically, Playhouse asserts that its protest is described by § 1514(a)(1), (2), (3), and (5).  Playhouse's assertions that the decision it protests is included in subsections (a)(1), (2), and (5) are unfounded because these provisions respectively address: the appraised value of the merchandise;  the classification and rate and amount of duties chargeable;  and, the liquidation or reliquidation of an entry, or any modification thereof.  Playhouse's protest, however, concerns Customs' decision not to recognize Playhouse's submission as a "Prior Disclosure" within the meaning of 19 U.S.C. § 1592.  Playhouse's

---

**7.**  The District Director is the appropriate Customs officer referred to in the statute.  *See* 19 C.F.R. §§ 174.21 and 174.29 (1993).  Protest reviews are administered pursuant to 19 U.S.C. § 1515(a).

**8.**  The relevant language of § 1514(a) states:
[D]ecisions of the appropriate customs officer, including the legality of all orders and findings entering into the same, as to—
    (1) the appraised value of merchandise;
    (2) the classification and rate and amount of duties chargeable;
    (3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury;
    (4) the exclusion of merchandise from entry or delivery or a demand for redelivery to cus-

toms custody under any provision of the customs laws, except a determination appealable under section 1337 of this title;
    (5) the liquidation or reliquidation of an entry, or any modification thereof;
    (6) the refusal to pay a claim for drawback; and
    (7) the refusal to reliquidate an entry under section 1520(c) of this title,
shall be final and conclusive upon all persons (including the United States and any officer thereof) unless a protest is filed in accordance with this section, or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade....
19 U.S.C. § 1514(a) (1988).

attempt to place its protest within § 1514(a)(3) is also without merit, because the court has repeatedly held that the words "charges" and "exactions" in § 1514(a)(3) denote some compulsion for payment. *See, e.g., Carlingswitch, Inc. v. United States,* 82 Cust. Ct. 63, 500 F.Supp. 223 (1980) *aff'd* 68 CCPA 49, 651 F.2d 768 (1981).[9] Because Playhouse has not yet been compelled to pay a penalty in this case, § 1514(a)(3) also does not apply.

In sum, Customs' decision not to recognize Playhouse's submission as a Prior Disclosure within the meaning of 19 U.S.C. § 1592 is simply not a protestable event within the scope of § 1514(a) such that the court may exercise its jurisdiction under 28 U.S.C. § 1581(a).

### B. Jurisdiction Under 28 U.S.C. § 1581(i).

■ Playhouse also tries to establish jurisdiction under 28 U.S.C. § 1581(i).[10] This section delineates "the residual jurisdiction of the Court." *Dennison,* 12 CIT at 3, 678 F.Supp. at 897. The court notes at the outset that "[t]he theory that 28 U.S.C. § 1581(i) can be used to create a cause of action where one does not otherwise exist has been repeatedly rejected." *ITT Semiconductors,* 6 CIT at 237, 576 F.Supp. at 646. Playhouse asserts that the District Director's denial of its protest falls under 28 U.S.C. § 1581(i)(4) as administration and enforcement of penalties pursuant to 19 U.S.C. § 1592.

The *Dennison* court rejected a similar argument. Customs had presented Dennison Manufacturing Company ("Dennison") with a notice of penalty which Dennison wanted to challenge before the Court of International Trade. Dennison sought to invoke the court's jurisdiction pursuant to § 1581(i). The court rejected Dennison's argument. Because the United States had not moved to collect any penalty, Dennison had not suffered any injury that would warrant an exercise of the court's § 1581(i) jurisdiction. Furthermore, it was unclear whether Dennison would suffer any future injury, because the United States might choose not to collect any penalty. In light of these facts, and the fact that Dennison had filed a pending mitigation petition with Customs, the court refused to exercise its jurisdiction pursuant to § 1581(i). *Dennison,* 12 CIT at 2–3, 678 F.Supp. at 897.

Similarly, in this case Customs has not yet moved to collect any penalty from Playhouse. Customs simply chose not to recognize Playhouse's submission as a Prior Disclosure. Customs may yet decide not to move to collect any penalty from Playhouse. Until Customs moves to collect a penalty, Playhouse does not suffer injury sufficient to warrant exercise of the court's residual jurisdiction. Accordingly, Playhouse fails to establish the court's jurisdiction under 28 U.S.C. § 1581(i).

### C. Jurisdiction Under 28 U.S.C. § 1582(1).

■ Playhouse next tries to establish jurisdiction pursuant to 28 U.S.C. § 1582(1).[11] Playhouse argues that Congress did not in-

---

**9.** "'[F]rom a review of a long line of cases involving 'charges' and 'exactions', it is obvious that these terms have been applied to *actual assessments of specific sums of money* (other than ordinary customs duties) on imported merchandise.'" *Carlingswitch,* 82 Cust.Ct. at 66, 500 F.Supp. at 227 (quoting *Alberta Gas Chemicals, Inc. v. Blumenthal,* 82 Cust.Ct. 77, 81–82, 467 F.Supp. 1245, 1249–50 (1979)).

**10.** 28 U.S.C. § 1581(i) states in pertinent part: [T]he Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for—
(1) revenue from imports or tonnage;
(2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;

(3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or
(4) administration and enforcement with respect to the matters referred to in paragraphs (1)–(3) of this subsection....
28 U.S.C. § 1581(i) (1988).

**11.** The Court of International Trade shall have exclusive jurisdiction of any civil action which arises out of an import transaction and which is commenced by the United States—

(1) to recover a civil penalty under section 592 [codified at 19 U.S.C. § 1592] ... of the Tariff Act of 1930.
28 U.S.C. § 1582 (1988).

tend for the Court of International Trade to exercise jurisdiction under this section only when the United States commences an action pursuant to 19 U.S.C. § 1592. Playhouse argues that § 1582(1) gives the court jurisdiction over all actions relating to 19 U.S.C. § 1592, regardless of which party initiates the action.

It is well established that the Court of International Trade does not have jurisdiction pursuant to § 1582(1), over an action commenced under 19 U.S.C. § 1592, unless that action was commenced by the United States. *See, e.g., Jose G. Flores, Inc. v. United States,* 11 CIT 948, 676 F.Supp. 1232 (1987). Section 1582(1) is very clear on this point. The opening words of this provision state that "[t]he Court of International Trade shall have exclusive jurisdiction of any civil action which arises out of an import transaction and which is *commenced by the United States . . . .*" 28 U.S.C. § 1582(1) (1988) (emphasis added). Clearly then, the United States must initiate an action for the court to exercise its jurisdiction pursuant to § 1582(1). Playhouse's broader reading of this provision is unfounded, and must therefore be rejected.

*D. Jurisdiction Under 28 U.S.C. § 2631(i).*

 Playhouse's final attempt at establishing jurisdiction is via 28 U.S.C. § 2631(i).[12] Playhouse claims that it is adversely affected or aggrieved by Customs' protest denial because it suffers from continuing injury in the form of lengthy delays in liquidation of each entry made, excessive delays caused by intensive examination of entries, increases in bond requirements, damage to its business reputation, and damage to its ability to borrow funds due to contingent liabilities associated with the possibility of penalty assessment.

Playhouse fails to recognize, however, that § 2631 does not confer jurisdiction upon the court; rather, this provision addresses the standing requirements for parties to commence an action, provided that the court

already possesses jurisdiction to hear such an action. Accordingly, 28 U.S.C. § 2631 is also an improper basis with which to establish the court's subject matter jurisdiction.

## *CONCLUSION*

For the foregoing reasons, the court holds that it lacks jurisdiction over this action. The government's motion to dismiss is granted. Judgement will be entered accordingly.

## ***ORDER***

Upon consideration of defendant's motion to dismiss; and upon consideration of all other papers and proceedings had herein, and upon due deliberation, it is hereby

**ORDERED** that defendant's motion to dismiss is GRANTED; it is further

**ORDERED** that Court No. 92–08–00587 is dismissed for lack of jurisdiction.

---

**12.** This section reads: "Any civil action of which the Court of International Trade has jurisdiction, other than an action specified in subsections (a)–(h) of this section, may be commenced in the court by any person adversely affected or aggrieved by agency action within the meaning of section 702 of title 5." 28 U.S.C. § 2631(i) (1988).