**Abraham SHIEPE and Brenda Colwell, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

Court No. 92–03–00214.
Slip Op. No. 94–166.

United States Court of International Trade.

Oct. 19, 1994.

Leonard M. Fertman, P.C., Leonard M. Fertman, Los Angeles, CA, for plaintiffs.

Frank W. Hunger, Asst. Atty. Gen., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, and Carla Garcia–Benitez, Washington, DC, for defendant.

## OPINION

MUSGRAVE, Judge.

Plaintiffs challenge the Customs Service's failure to refund monies deposited by plaintiffs to secure the return of their vehicle which the Customs Service had seized. The government asserts that this Court lacks subject matter jurisdiction to hear the merits of this case.

### Background

On February 7, 1986, the United States Customs Service ("Customs") released a Mercedes Benz automobile to plaintiff Abraham Shiepe from the Customs facility at Terminal Island, California. Mr. Shiepe was the importing agent for plaintiff Brenda Colwell, the importer of record. The 1986 Mercedes Benz 420 SL was imported from Korea and did not conform to Environmental Protection Agency ("EPA") or Department of Transportation ("DOT") regulations. Customs released the vehicle under bond to Mr. Shiepe on the express condition that it be brought into conformity with the EPA/DOT regulations.

On February 10, 1986, Customs seized the vehicle from Mr. Shiepe at an air freight terminal near Los Angeles International Airport. Customs asserted that the vehicle was not in compliance with EPA/DOT regulations.[1] Plaintiffs petitioned Customs for release of the vehicle. Customs granted early release of the vehicle upon payment of $5924, pending final decision. *Letter to Mr. Fertman,* March 17, 1986. Plaintiff paid for the

---

1. *See Notice to Mr. Shiepe,* dated 25 February 1986. In this letter Customs cited 19 C.F.R. § 12.73 (Motor vehicle and engine compliance with Federal antipollution emission requirements), and 19 C.F.R. § 12.80 (Federal motor vehicle safety standards), 19 U.S.C. § 1592 (Penalties for fraud, gross negligence, and negligence). In addition, Customs also claimed plaintiff Shiepe was in violation of 18 U.S.C. § 545 (Smuggling goods into the United States).

early release of the vehicle in March of 1986. In June of 1989, Customs determined from its review that it was proper to have seized the car. *Letter to Mr. Fertman,* June 20, 1989. Plaintiffs filed a supplemental petition in July of 1989 requesting review of Customs's decision. The petition was denied in June, 1990. *Letter to Mr. Fertman,* July 2, 1990. Plaintiffs filed a second supplemental petition which Customs denied in May, 1991. *Letter to Mr. Fertman,* May 31, 1991.

In denying plaintiffs' second petition, Customs instructed plaintiffs to notify its office if plaintiffs desired to have the case referred for judicial proceedings. *Id.* Accordingly, in June of 1991, plaintiffs indicated to Customs that they wished to have the case referred to the U.S. Court of International Trade for judicial proceedings. *See Defendant's Motion to Dismiss,* Exhibit G. In August of 1991, Customs informed plaintiffs that its instructions for judicial proceedings was an error, and that Customs had considered the matter closed. *See Defendant's Motion to Dismiss,* Exhibit H. Plaintiffs filed a protest on October 9, 1991 pursuant to 19 U.S.C. § 1514. Plaintiffs claimed that the vehicle was improperly seized and requested that the sum deposited for early release of the vehicle be returned with interest. Customs denied the protest as untimely and not involving a protestable decision.

Plaintiffs now bring this action, alleging jurisdiction in this Court under 28 U.S.C. § 1581(a) and § 1581(i). The government moves to dismiss the case for lack of jurisdiction.

**2.** 28 U.S.C. § 1581(a) is set out as follows:
(a) The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930.
28 U.S.C. § 1581(a) (1988).

**3.** 28 U.S.C. 1581(i) is set out in pertinent part as follows:
(i) In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)–(h) of this section ... the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for—

*Discussion*

The government argues that in order for this Court to assert jurisdiction under 28 U.S.C. § 1581(a),[2] plaintiff must protest a Customs decision regarding one or more of the specific categories set forth in 19 U.S.C. § 1514(a). Since its refusal to refund the monies does not fall under any of the categories set forth in section 1514(a), the government asserts it cannot properly be protested under section 1514(a), or therefore denied under 19 U.S.C. § 1515. Since a denial of protest under section 1515 is a necessary requirement for asserting jurisdiction under 28 U.S.C. § 1581(a), the government argues this Court does not have jurisdiction. *See Defendant's Motion to Dismiss,* at 5–6.

In addition, the government argues that 28 U.S.C. § 1581(i)[.3] cannot properly be the basis for an action for the return of monies paid to mitigate a penalty, as such an action does not fall within the language of 28 U.S.C. § 1581(i). *See Defendant's Reply to Plaintiffs' Response to Defendant's Motion to Dismiss,* at 8. The government argues that since plaintiffs have not established jurisdiction in this Court under section 1581(i), plaintiffs' action should be dismissed.

Plaintiffs argue that this Court has jurisdiction under 28 U.S.C. § 1581(a), or in the alternative 28 U.S.C. § 1581(i). *See Plaintiffs' Response to Defendants Motion to Dismiss ("Plaintiff's Response")*, at 3. Plaintiffs argue that the amount of money paid by them to secure the release of the car was a "fine" or "penalty" as contemplated by 19 U.S.C. § 1520(a)(3).[4] Plaintiffs also argue

(1) revenue from imports or tonnage;
(2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;
(3)    * * *
(4) administration and enforcement with respect to the matters referred to in paragraphs (1)–(3) of this subsection and subsections (a)–(h) of this section.

   *    *    *    *    *    *

28 U.S.C. § 1581(i) (1988).

**4.** 19 U.S.C. § 1520(a)(3) is set out as follows:

(a) **Cases in which refunds authorized**

that such a "fine" or "penalty" amounts to a "charge" or "exaction" as that term is used in 19 U.S.C. § 1514(a)(3). *See Plaintiffs' Response*, at 4–6. Plaintiffs provide no support as to why this court has jurisdiction under 28 U.S.C. § 1581(i).

This case presents two issues. First, whether monies paid to Customs for release of an automobile constitutes a "charge" or "exaction" within the meaning of those terms as used in 19 U.S.C. § 1514(a)(3). Second, whether such payment and subsequent refusal to refund the payment falls within the terms of 28 U.S.C. § 1581(i).

This Court, like all federal courts, is a court of limited jurisdiction. Once the Court's jurisdiction is challenged, plaintiffs bear the burden of proving that the Court's exercise of jurisdiction is proper. *Dennison Manufacturing Co. v. United States*, 12 CIT 1, 2, 678 F.Supp. 894, 896 (1988).

The Court of Appeals for the Federal Circuit has recently considered whether this Court has jurisdiction over actions for refunds for monies paid to Customs. *See Trayco, Inc. v. United States*, 994 F.2d 832 (Fed.Cir.1993). In *Trayco*, the plaintiff imported merchandise which was not properly marked. Customs allowed Trayco custody of the merchandise on the condition that it be properly marked. The merchandise was then properly marked, but inadvertently moved to another warehouse. Prior to reinspection, Trayco's president certified to Customs that Trayco had complied with the conditions of release. As a result of a misunderstanding, Customs constructively seized the goods and assessed a penalty for gross negligence pursuant to 19 U.S.C. § 1592(c).

Trayco petitioned Customs for mitigation or remission in accordance with 19 U.S.C. § 1618, but the petition was denied. After Trayco submitted a supplemental petition, Customs mitigated the penalty. Trayco then filed a second supplemental petition after paying the penalty as required by regulation.[5] Trayco paid the penalty "under protest reserving all rights under judicial review following exhaustion of administrative remedies." *Trayco*, 994 F.2d at 835. After Customs denied the second supplemental petition, Trayco filed an action in United States District Court for the District of South Carolina claiming that there was no basis for the penalty. The district court found that the merchandise had been properly marked and that there was no factual basis to support the penalty and accordingly ordered a refund. The government appealed to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit Court affirmed the district court, but upon the government's petition for rehearing, the court vacated its opinion and transferred the case to the Circuit Court of Appeals for the Federal Circuit. *Trayco Inc. v. United States*, 967 F.2d 97 (4th Cir.1992).

The Court of Appeals for the Federal Circuit considered, *inter alia*, whether the Court of International Trade has exclusive jurisdiction over actions for refunds of penalties. In deciding this issue, the court concluded that the district court properly exercised jurisdiction over the case. It reasoned that 28 U.S.C. § 1346(a)(2)[6] grants district courts jurisdiction over civil actions and claims against the government. In addition, 28 U.S.C. § 1581(a)–(i) does not specifically grant the Court of International Trade juris-

---

The Secretary of the Treasury is authorized to refund duties or other receipts in the following cases:

\* \* \* \* \* \*

(3) *Fines, penalties, and forfeitures.*—Whenever money has been deposited in the Treasury on account of a fine, penalty, or forfeiture which did not accrue, or which is finally determined to have accrued in an amount less than that so deposited, or which is mitigated to an amount less than that so deposited or is remitted.

\* \* \* \* \* \*

19 U.S.C. § 1520(a) (1988).

**5.** 19 C.F.R. § 171.33(c)(1).

**6.** Section 1346 provides that:

(a) The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of:

\* \* \* \* \* \*

(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department....

28 U.S.C. § 1346(a)(2) (1988).

diction over refunds of penalties or claims against the government. Moreover, the court added that 28 U.S.C. § 1582[7] grants exclusive jurisdiction over actions to recover a penalty only when such action is commenced by the government. Hence, the court held that the district court, not the Court of International Trade, has jurisdiction over actions against the government for refund of penalties. *Trayco*, 994 F.2d at 836–38.

The Court of Appeals for the Federal Circuit has also recently considered the parameters of 28 U.S.C. § 1581(i). *See Conoco, Inc. v. U.S. Foreign–Trade Zones Bd.*, 18 F.3d 1581 (Fed.Cir.1994). In *Conoco*, Conoco and others challenged in United States District Court the duties it would have to pay to get a certain subzone status for its refinery operations. The government argued that the Court of International Trade had exclusive jurisdiction to hear the matter. The district court agreed and dismissed the action. Plaintiffs then filed an action with the Court of International Trade. The government then, reversing without comment its position before the District Court, argued that the Court of International Trade lacked jurisdiction. This Court concluded that it lacked jurisdiction and dismissed the action because it was premature under 28 U.S.C. § 1581(a), and barred under § 1581(i). On appeal, the government argued that § 1581(i) "cannot be taken at its face, and that controlling precedent requires a narrower reading of the statute than the words connote." *Id.* at 1588. The Court of Appeals for the Federal Circuit found the action to be within the parameters of § 1581(i).[8] In reversing the lower court, the Federal Circuit Court stated "[i]t is time to bring to an end the unproductive jurisdictional ping-pong games, and to give litigants their right to expeditious and timely decisions on the merits of their claims." *Conoco*, 18 F.3d at 1590.

The facts in the case before this Court are more similar to those of *Trayco*. Here, as in *Trayco*, plaintiffs seek a refund of monies paid. Likewise, plaintiffs are unable to point to a subsection of 28 U.S.C. § 1581 which specifically grants jurisdiction to the Court of International Trade for refunds of penalties or claims against the United States. Plaintiffs argue that the monies they paid amounts to a fine or penalty which should be construed to be a "charge" or "exaction" as those terms are used in 19 U.S.C. § 1514(a)(3). Perplexingly, the Court of Appeals for the Federal Circuit in *Trayco* found that Customs "*exacted*" a penalty, and thus, it may be presumed, the penalty was an *exaction*, as contemplated by 1514(a)(3). *Trayco*, 994 F.2d at 837. In the instant case a *protest* against that *exaction* was filed by the importer.[9] While this distinction could be found to sufficiently differentiate *Shiepe* from *Trayco*, the Court is compelled to observe the perceived "gap" in its jurisdiction set forth by the Court of Appeals for the Federal Circuit in *Trayco*. *Trayco*, 994 F.2d at 837, 839. That perception and the resulting asymmetry between the rights, or positions, of litigants involved in judicial review of (exacted) penalties, has the unavoidable effect of perpetuating the "unproductive jurisdictional ping-pong games" observed, and ameliorated, by the Circuit Court in *Conoco*. *Conoco*, at 1589, 1590.

### Conclusion

For the reasons stated herein, defendant's motion for dismissal is granted.

---

**7.** Section 1582 provides:

The Court of International Trade shall have exclusive jurisdiction of any civil action which arises out of an import transaction and which is commenced by the United States—
  (1) to recover a civil penalty under section 592 ... of the Tariff Act of 1930.

28 U.S.C. § 1582 (1988).

**8.** The pertinent subsections are § 1581(i)(1) and § 1581(i)(4). *See* note 2, *supra*.

**9.** Trayco did not, apparently, file a protest against its *exaction*.